IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SHERRY COOPER**                                                                                   **PLAINTIFF**

**V.**                      **CASE NO. 4:17-CV-337-JM-BD**

**ARKANSAS DEPARTMENT OF
CORRECTION, et al.**                                                  **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections**:

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr.. Any party to this suit may file written objections with the Clerk of Court within 14 days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.**     **Background:**

Plaintiff Sherry Cooper, a former Arkansas Department of Correction ("ADC") inmate,[1] filed this complaint on May 18, 2017,[2] alleging that Defendants violated her constitutional rights while she was incarcerated at the ADC's McPherson unit. (Docket

---

[1] Ms. Cooper was released from the ADC prior to filing her complaint. (Docket entry #1 at 2)

[2] Ms. Cooper originally filed her case in 2015. *Cooper v. Ark. Dept. Correction, et al.*, No. 1:15-CV-25-JM-BD. She voluntarily dismissed her case on May 19, 2016.

entry #1) She named the ADC, John Dean, and Lisa Cash as defendants. (*Id.*) All of the Defendants have moved to dismiss based on insufficient service of process. (#3) See FED. R. CIV. P. 12(b)(5). Defendants have also moved to dismiss for failure to state a claim. (*Id.*) See FED. R. CIV. P. 12(b)(6).

Ms. Cooper has responded to the motions, and Defendants have replied to the response. (#10, #11) Judge Moody referred the motions to this Court for findings and recommendations. (#12)

### III. Insufficient Service of Process:

#### A. Standard

Defendants have moved to dismiss based on insufficient service of process. See FED. R. CIV. P. 12(b)(5). Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. *Omni Captiol Int'l, v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); see also *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885–86 (8th Cir. 1996) (district court lacks jurisdiction over party improperly served whether or not it had actual notice of the lawsuit) (citing *Printed Media Servs., Inc. v. Solna Web, Inc.,* 11 F.3d 838, 843 (8th Cir.1993)). A party challenging the method or lack of delivery of a summons and complaint may move to dismiss the case. See FED. R. CIV. P. 12(b)(5). Once service of process is contested, plaintiffs have the burden of proving proper service of process. *Richardson v. Volkswagenwerk, A.G.*, 552 F.Supp. 73, 79 (1982); see also *Roberts v. USCC Payroll Corp.*, 2009 WL 88563, at *1 (N.D. Iowa Jan 13, 2009) ("In a Rule

12(b)(5) motion, the party making the service has the burden of demonstrating validity when an objection to the service is made.").

Under the Federal Rules of Civil Procedure, Ms. Cooper could serve the defendants by following Arkansas law for serving a summons. FED. R. CIV. P. 4(e)(1) and 4(j)(2). Arkansas law provides that a plaintiff may serve a summons and complaint by:

> any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations. However, service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested.

ARK. R. CIV. P. 4(d)(8)(A)(i)

Even though the Federal Rules allow for service to be made in a manner provided under state law, the Federal Rules dictate the time by which service must be completed. See *e.g. Girlinghouse v. Capella Healthcare, Inc.*, No. 15-6008, 2015 WL 13358295, at *4 (W.D. Ark. Aug. 27, 2015) (Arkansas substantive law controls commencement of lawsuit, but the timeliness of service is controlled by Rule 4(m) of the Federal Rules) (citing *Tillman v. Georgia*, 466 F.Supp.2d 1311, 1322-23 (S.D. Ga. 2006)). Under the Federal Rules, Ms. Cooper was required to serve Defendants with a summons and a copy of the complaint within 90 days after the complaint was filed. FED. R. CIV. P. 4(m).

If the plaintiff shows good cause for the failure to serve, the court must extend the time for service for an appropriate period. FED. R. CIV. P. 4(m). The Eighth Circuit has explained:

> A showing of good cause requires at least excusable neglect—good faith and some reasonable basis for noncompliance with the rules. Good cause is likely (but not always) to be found when (1) the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person, typically the process server, (2) the defendant has evaded service of the process or engaged in misleading conduct, (3) the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or (4) the plaintiff is proceeding pro se or in forma pauperis.

*Kurka v. Iowa City, Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (internal alterations, quotation marks, and citations omitted).

    B.    Sufficiency of Service

        1.    John Dean and Lisa Cash

Defendants John Dean and Lisa Cash are employees of the ADC. The ADC Compliance Division usually accepts service for ADC employees. (#3-1 at 1) Ms. Cooper, however, did not serve Defendants Dean and Cash through the ADC Compliance Division. Instead, she attempted to serve them by certified mail in accordance with Arkansas law. (#3-1, #3-3, #3-4)

As explained above, for service by mail to be adequate under Arkansas law, the mail must be addressed to the person to be served, with a return receipt requested; and delivery restricted to the addressee or an agent of the addressee. ARK. R. CIV. P. 4(d)(8)(A)(i). Additionally, an agent for the addressee must be authorized in accordance with U.S. postal regulations. *Id*. Failure to mail the summons and complaint by restricted delivery renders the service invalid. *Connally v. Connally*, 95 Ark. App. 42, 45–46 (2006) ("Compliance with the service requirements of the Rules of Civil Procedure must

be exact . . .") (citing *Wilburn v. Keenan Cos., Inc.*, 298 Ark. 461 (1989) (other citation omitted)).

On August 15, 2017, an ADC employee working in the mailroom at the Grimes Unit of the ADC retrieved certified mail for the McPherson Unit and received a certified-mail envelope addressed to "John Dean, CCS" handwritten on the envelope. (#3-4) John Dean is the unit's SATP coordinator. Mailroom staff placed the envelope in the locked SATP mailbox. (*Id.*)

The next day, Defendant Dean went to the SATP mailbox and found an envelope with a "Priority Mail 1 Day" address label on it. The label was addressed to the Arkansas Department of Correction, 302 Corrections Drive, Newport, AR 72112-8008, with Defendant Dean's name handwritten on the envelope. (#3-1) Inside the envelope were a copy of the complaint in this case and a summons. (*Id.*) Mr. Dean did not sign for the letter. (*Id.*)

On August 24, 2017, while retrieving the SATP mail, Mr. Dean found a certified envelope with "Lisa Cash, CIT" handwritten on the outside. (#3-1, #3-2) The envelope was mailed "Priority Mail 1 Day," and the envelope was addressed to the Arkansas Department of Correction, 302 Corrections Drive, Newport, AR 72112-8008. Defendant Cash is a Substance Abuse Program Counselor for the SATP at the McPherson Unit. (#3-1 at 2) The enveloped contained a summons for Ms. Cash and a copy of the complaint in this case. (*Id.*)

Mr. Dean faxed a copy of the summons to the ADC Compliance Division and gave a copy of the complaint and summons to Ms. Cash. (*Id.*, #3-3 at 1) She did not sign for the letter. (#3-3 at 1)

The undisputed facts show that Ms. Cooper attempted service on Defendants Dean and Cash by mail under Arkansas law, but that she failed to restrict delivery to either Defendant Dean or Cash or to their authorized agents; and she failed to request a return receipt. Her attempt to serve Defendants Dean and Cash was insufficient, as a matter of law. See ARK. R. CIV. P. 4(d)(8)(A)(i); *Wilburn v. Keenan Cos., Inc.*, 298 Ark. 461 (1989).

Ms. Cooper was required to serve the complaint on or before August 17, 2017. FED. R. CIV. P. 4(m). Even though she attempted service on both Defendants Dean and Cash, neither defendant was properly served a summons within 90 days after the filing date of the complaint, as required by the Federal Rules. FED. R. CIV. P. 4(m).

The Court may extend the time for service if Ms. Cooper has shown good cause for the delay. Ms. Cooper has not shown good cause—or any cause—for the delay. She has not alleged that her failure to complete service in a timely fashion was the result of the conduct of a third person; or that the Defendants evaded service of the process or engaged in misleading conduct. Further, she has not established that she has acted diligently; nor has she claimed mitigating circumstances. Even after she became aware of the service deficiencies when Defendants filed the pending motion to dismiss in September, Ms. Cooper, who is represented by counsel, made no attempt to properly

serve Defendants. Additionally, Ms. Cooper has not filed proof of service as required by the Federal Rules or the local rule. FED. R. CIV. P. 4(l); Local Rule 4.1(b).

Ms. Cooper argues that because she attempted service of process under Arkansas law, the timing provision of the Arkansas Rules of Civil Procedure apply so as to allow 120 days to serve Defendants. ARK. R. CIV. P. 4(i). This argument fails. Even though the Federal Rules permit litigants to serve a defendant using a method provided by the law of the state where the federal court sits, federal courts must apply the federal form of service and time limits. See *e.g. Girlinghouse v. Capella Healthcare, Inc.*, No. 15-6008, 2015 WL 13358295, at *4 (W.D. Ark. Aug. 27, 2015) (timeliness of service is controlled by Rule 4(m) of the Federal Rules of Civil Procedure) (citing *Tillman v. Georgia*, 466 F.Supp.2d 1311, 1322-23 (S.D. Ga. 2006)); see also *Broadway v. adidas Am., Inc.*, No. 3:07CV000149 SWW, 2008 WL 2705566, at *3–4 (E.D. Ark. July 10, 2008) (even when state service of process rules are borrowed for method of service, the federal form of summons must be used).

Ms. Cooper also argues that actual notice of the lawsuit discharges her duty to properly serve Defendants. Under both State and Federal law, however, actual notice cannot substitute for proper service of process. See *Sieg v. Karnes,* 693 F.2d 803, 807 (8th Cir. 1982) (court lacked personal jurisdiction over improperly served defendant despite actual notice); *Semler v. Klang*, 603 F. Supp. 2d 1211, 1227 (D. Minn. 2009) (same); *Earls v. Harvest Credit Mgmt. VI-B, LLC*, 2015 Ark. 175, 7 (2015) (Arkansas has a strict-compliance standard for service and knowledge of the proceedings does not validate process).

Finally, to the extent Ms. Cooper argues that a discretionary service extension is warranted under the less stringent "excusable neglect" standard, this argument falls short. "To warrant a discretionary extension, the plaintiff must establish excusable neglect." *Kurka*, 628 F.3d at 957. In determining whether a plaintiff's neglect is excusable, courts consider: "(1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Id* at 959.

Ms. Cooper has not made any attempt to establish excusable neglect. She filed this lawsuit after non-suiting an earlier lawsuit, then waited until virtually the last day possible to attempt service by mail. She still has not come forward with any legitimate explanation for the lack of proper service or any new information about attempts she made to properly serve Defendants.

Based on the current record, a discretionary service extension is not warranted. *Id*. at 959-60 (affirming district court's denial of a discretionary extension); see also *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (running of the statute of limitations does not require the district court to extend time for service of process) (quoting *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3d Cir.1995)); *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 613 (8th Cir. 2003) (same)).

2.      Service on the Arkansas Department of Correction

The Arkansas Rules provide that a governmental organization or agency may be served by certified mail addressed to the "chief executive officer thereof, or other person designated by appointment or by statute to receive such service." ARK. R. CIV. P. 4(d)(7), 4(d)(8)(A)(i). Ms. Cooper's attempt to serve the ADC by certified mail was insufficient.

On August 15, 2017, mailroom staff at the Grimes Unit picked up certified mail for the McPherson Unit. (#3-4) A staff member determined that an envelope addressed to Arkansas Department of Correction, 302 Corrections Drive, Newport, AR 72112-8008, should be delivered to the Central Office. (*Id*.) The staff member wrote the name "Thomas Burns," an attorney who works in the Central Office, on the envelope and put it into the outgoing "truck mail" box. (*Id*.) "Truck mail" is sent to the Central Office three times per week. (*Id*.) The summons and complaint were received by Mr. Burns on August 25, 2017.

Ms. Cooper's attempt to serve the ADC fails because she did not address the envelope to the chief executive officer of the ADC or any other person designated to receive service. She addressed the mail to the ADC's Central Office in Pine Bluff and not to the McPherson Unit; and she did not mail the letter restricted delivery, return receipt requested, so as to comply with Arkansas's service rules. Further, service was not made within the required time. See FED. R. CIV. P. 4(m). Moreover, Ms. Cooper has not filed proof of service. See FED. R. CIV. P. 4(l).

The Court need not extend the time for service on the ADC in this case, because Ms. Cooper has shown no good cause for the delay or excusable neglect. Ms. Cooper

apparently made no attempt to properly serve the ADC with a summons and complaint after she became aware of the service deficiencies; that is, upon receipt of Defendants' motion to dismiss filed more than four months ago.

In any event, the ADC is not subject to suit under 42 U.S.C. § 1983. See *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 64, 66, & 70 (1989) (a state and its agencies are not "persons" within the meaning of section 1983).

### IV.  Conclusion:

The motion to dismiss for want of proper service of process filed by the Arkansas Department of Correction, John Dean and Lisa Cash (#3) should be GRANTED. Ms. Cooper's claims should be dismissed. See *Adams,* 74 F.3d at 887–88. Because the Court lacks jurisdiction over the Defendants, their motion to dismiss for failure to state a claim (#3) under Rule 12(b)(6) should be DENIED, without prejudice.

DATED this 19th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE